**MEAD JOHNSON COMPANY,**
Plaintiff,

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. No. 707–55.**

United States District Court
District of Columbia.

Feb. 4, 1957.

Robert N. Roley, Washington, D. C., and Bertha L. MacGregor, of Denver, Colo., for plaintiff.

Joseph Schimmel, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents, under 35 U.S.Code,

§ 145, to procure an adjudication that the plaintiff is entitled to receive registration of the trademark Fer-In-Sol for products used as foods, as described in application Serial No. 605,107, filed on October 18, 1950.

The product in question is a concentrated solution of ferrous sulphate which plaintiff sells both for pharmaceutical and for food purposes. A registration of the trademark for pharmaceutical purposes has been granted, but in view of the fact that foods and pharmaceutical products are in different classes, established administratively by the Patent Office, the Commissioner of Patents has refused to grant a second registration of the trade-mark for food purposes; and also as a result of the further reason that he found that plaintiff's product is not a food.

At the outset, there is a basic question of law that must be determined: whether an applicant for a trademark on a product or article that is used for more than one purpose is entitled to as many registrations as there are purposes for which it is used, if such purposes fall within different classes. The Commissioner has ruled in the negative.

In the opinion of the Court, the governing provision is found in 15 U.S.C.A. § 1112, which authorizes the Commissioner to establish a classification of goods and services for convenience of Patent Office administration in connection with registration of trademarks. This sentence further provides that this shall not be done to limit or extend the applicant's rights. The section then adds that "the applicant may register his mark in one application for any or all of the goods or services included in one class, upon or in connection with which he is actually using the mark. The Commissioner may issue a single certificate for one mark registered in a plurality of classes upon payment of a fee equaling the sum of the fees for each registration in each class."

▮ The first of the sentences quoted above merely means, as the Court construes it, that a single application would be sufficient to register a trademark for all of the purposes covered by a single class. It does not prevent an applicant from filing successively more than one application for goods and services included in two or more classes. The second sentence makes it clear that the Commissioner may issue a single certificate for one mark registered in a plurality of classes upon payment of a fee equaling the sum of the fees for each registration in each class. This provision obviously contemplates the registration of a single mark in a plurality of classes. Were this not the law, a person's right to trademark protection might be arbitrarily limited by the fortuitous circumstance that the purposes for which he uses it happen to be distributed among two or more classes instead of being placed in the same class.

The Court is of the opinion that this result would be unreasonable and contrary to what seems to be the intent of the Congress as expressed in the provision that has been quoted.

In view of these considerations, the Court construes the law as permitting the registration of a single trade-mark in a plurality of classes if the trade-mark covers a product or article that is used for purposes enumerated in different classes. Under these circumstances, the trade-mark may be registered in each of these classes, but as a matter of administration the Commissioner may issue only a single certificate.

▮ This brings us to the question whether the product in question may be reasonably classified as a food as well as a pharmaceutical product. The Court is of the opinion that the evidence establishes that it may be used as a food and so finds as a fact.

The Court will render judgment for the plaintiff adjudging that it is entitled to the registration.

Counsel may submit proposed findings of fact and conclusions of law and a judgment.